UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARSON GREEN, <br> Plaintiff | CIVIL ACTION NO. 1:18-CV-399-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES KEITH DEVILLE, ET AL., <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Carson Green ("Green") (#513301). Green is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Green complains that Defendants failed to protect him from harm inflicted by other inmates.

I.   Background

Green alleges that, on two occasions, he was placed in a unit with an inmate with whom Green had previously been involved in a knife fight. (Doc. 1-2, p. 2).

II.  Instructions to Amend

Prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. Id. at 834. Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. See id. A prison official is deliberately indifferent if he knows of an "excessive

risk to inmate health or safety" and disregards that risk. Id. at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists;" and, (2) he "draw[s] the inference." Id. In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. Id. at 839-40.

Green names numerous individual as Defendants, but does not provide facts as to how each Defendant violated Green's constitutional rights. Therefore, Green must amend his complaint and state:

> (1) the name(s) of EACH person who allegedly violated Green's constitutional rights;
>
> (2) a description of what EACH named defendant did to violate Green's rights;
>
> (3) the place and date(s) that EACH event occurred; and
>
> (4) a description of the injury sustained as a result of EACH alleged violation.

Green should explain how each Defendant acted with deliberate indifference and failed to protect him as to each attack.

Additionally, Green should submit to the Court a copy of the first step response form by Colonel Carmouche.

III. Conclusion

IT IS ORDERED that Green amend and supplement his complaint as instructed within 30 days of the filing of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further

2

required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __16th__ day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge