RECEIVED

United States District Court
Western District Of Louisiana
Alexandria Division

Exhibit (B)

JUL 23 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
XXXXXXXXXXXX
BY: XXXX

Corson Green, # 513301                    Civil Action No. 1:18-CV-399-P
Plaintiff

Versus

James Keith Deville, ET            Judge Dee D. Drell
AL.
Defendants                         Magistrate Judge Perez-Montes

Motion For Leave To File An Amended Complaint

Plaintiff Corson Green, pursuant to Rule 15(a) and 19(a)
Fed. R. Civ. P. requests to file an amended complaint to comply
with this court order showing how each defendant violated his
constitutional right under the Eight Amendment and how each
defendant was Deliberate Indifference in failing to protect
him.

(1)

The plaintiff in his original complaint named, Wardens James
Keith Deville, Billy Tigner, and Jody Floyd, Major's Kevin Jordan
and Gary Coleman, and Captains Tolbert, Howard, and Lurry
as defendant's but he did not stipulate how each individual

1 of 4

was Deliberate Indifference in failing to protect him.

## (2)

Since the filing of the original complaint plaintiff was ordered to show how each individual violated his constitutional right under the Eight Amendment and how he was being failed to be protected which occurred in him being injuried in a knife fight.

## (3)

On 10-16-16 the plaintiff was in a knife fight. When the shift supervisor Major Joe was aware of the situation. Cpt. Napper and Lt. Triplet had made their way to where the knife fight had occurred. At which time the plaintiff was escorted to the command post for the plaintiff wounds to be digitally taken. Being that this incedent should've been recorded in the log book's also means and shows that the Warden's should've known as well because of the seriousness of the matter. By the wardens knowing about the situation there also should have been a meeting held with all the shift supervisor's morning and night. After the incedent the log book's should also show that me and those guy's had a knife fight and that in itself show's that we were enemies. The security also would have known not to house us around one another.

## (4)

On 10-17-16 which was a monday the plaintiff was let out of

the block's and was housed in birch unit the next morning after the knife fight. This same day is also the starting of Major Coleman and Cpt. Tolbert shift. Which means they should have read or been briefed about the incedent that happened on Major Joe's night shift. Two days later Major Jordan and Cpt. Howard's morning shift worked which was 10-19-16. A week later on 10-28-16 which is Major Jordan and Cpt. Howard shift again is the first time that one of the three guy's I had a knife fight with was housed in birch unit with me. Then fourty-six days later which would be 12-14-16. It is Major Jordan and Cpt. Howard's shift again. This is the second time that another one of the three guys that I had a knife fight with was housed around me again. This clearly shows how both shifts failed to protect me by houseing these guy's around me rather than shipping them.

(5)

Cpt. Curry had been working the block's within the time frame that the plaintiff had went to the block's. When somebody comes to the block's it is logged in for what they are comeing for. In Cpt. Curry being the block's unit supervisor and rotateing on morning and night shifts. By Cpt. Curry doing this it should have gave him a working knowledge of who can be housed around one another concerning serious situation.

3 of 4

(6)

This court should grant leave freely to amend complaint,
Foman V. Davis 371 US 178, 182, 83 S. CT 227 (1962)
Interroyal Corp. V. Sponseller, 889 F.2d 108, 112 (6th Cir.
(ext. denied 494 U.S. 1091 (1990).

14 of June 2018

Carson Green #513301
LaSalle WNC P.O. Box 1435
Winnfield, La. 71483-1435