a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARSON GREEN, Plaintiff | CIVIL ACTION NO. 1:18-CV-399-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES KEITH DEVILLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Carson Green ("Green") (#513301). Green is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Green complains that Defendants failed to protect him from harm inflicted by other inmates. (Docs. 1, 9-2).

Because Green does not allege that his injuries results from Defendants deliberate indifference, his complaint should be denied and dismissed.

I. Background

Green was attacked in the Elm Unit by three other inmates, one of whom struck Green with a homemade weapon. (Doc. 1-2, p. 1). The following day, Green was released from lockdown and transferred to the Birch Unit. (Doc. 1-2, p. 2). The following week, one of the three attackers was also moved to the Birch Unit. (Doc. 1-2, p. 2). Green does not allege that he was ever attacked in the Birch Unit. (Docs. 1, 9-2).

Green was confined to lockdown in December for an unspecified reason. (Doc. 1-2, p. 2). He was released from lockdown to the Ash Unit. (Doc. 1-2, p. 2). That same day, one of the three attackers was moved to Ash Unit, as well. (Doc. 1-2, p. 2). Again, Green does not allege he suffered any attacks in the Ash Unit. (Docs. 1, 9-2).

II. Law and Analysis

A. Green's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Green is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 5). As a prisoner seeking redress from an officer or employee of a governmental entity, Green's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Green's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Green does not state a viable failure to protect claim.

Prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. Id. at 834. Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. See id. A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. Id. at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and (2) he "draw[s] the inference." Id. In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. Id. at 839-40.

Green does not allege that, prior to the attack, any Defendant was aware of facts that would infer Green was going to be harmed. Thus, Green has not alleged deliberate indifference by Defendants that resulted in his attack.

Although Green alleges Defendants acted with deliberate indifference *after* the attack by placing him in housing units with two of the assailants, Green does not claim to have been attacked again or to have suffered any harm following the single attack. That is, Green claims to have suffered harm prior to the alleged deliberate indifference. Because Green does not claim to have been injured as a result of the

3

alleged deliberate indifference, he does not state a claim for which relief can be granted. See Castellano v. Treon, 79 F. App'x 6, 7 (5th Cir. 2003) (upholding the dismissal of an inmate's failure-to-protect claim as frivolous where the plaintiff suffered no actual physical injury resulting from the prison officials' purported failure to protect); Williams v. Vannoy, 14-cv-0457, 2015 WL 4715041 (M.D. La. June 26, 2015), report and recommendation adopted, 14-cv-0457, 2015 WL 4716367 (M.D. La. Aug. 7, 2015) (no allegation that the plaintiff suffered any injury as a result of the defendants' actions).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Green's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  29th  day of August, 2018.

                                                                                  _____
                                                                                  Joseph H.L. Perez-Montes
                                                                                  United States Magistrate Judge